IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **DANIEL LEMBERGER**<br>1508 South 80th Street<br>West Allis, WI 53214<br><br>      **Plaintiff**<br>   v.<br><br>**UNION PACIFIC RAILROAD COMPANY**<br>1400 Douglas Street<br>Omaha, NE 68179<br><br>      **Defendant** | NO. 8:18-cv-00064<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

1. This suit is governed by the Federal Employers' Liability Act, 45 U.S.C. Sec. 51 et seq., which grants this Court jurisdiction over this action.

2. Plaintiff, Daniel Lemberger, is an adult individual residing at the above captioned address.

3. Defendant, Union Pacific Railroad Company, successor in interest to Chicago and Northwestern Railroad and Union Pacific Railroad, was at all times relevant hereto, engaged in interstate commerce in and throughout several states of the United States as common carriers by rail; and for the purposes hereof did operate locomotives, railroad cars and repair facilities and transacted substantial business throughout the various states of the United States including the State of Nebraska.

4. Defendant, Union Pacific Railroad Company is a corporation organized and existing under the laws of the State of Delaware which maintains its principal place of business

at 1400 Douglas Street, Omaha, Nebraska.

5. Railroads and their facilities are notorious for having been contaminated from years of transporting toxic substances and from the use of toxic substances and known carcinogens in the operation of the railroads themselves.

6. From 1973 to 2014, the Plaintiff was employed by Defendant railroad, or its predecessors-in-interest, as a track welder in the Defendant's Maintenance of Way Department, who was acting in the course and scope of his employment with Defendant, and was engaged in the furtherance of interstate commerce within the meaning of said Act.

7. During the course and scope of his career with the Defendant railroad and while working in the Defendant's Milwaukee subdivision which includes yards, buildings, and rights of way, Plaintiff was exposed to various toxic substances and carcinogens including but not limited to chemicals, solvents, diesel fuel/exhaust, benzene, heavy metals, creosote, manganese and rock/mineral dust and fibers.

8. Specifically, as a track welder, whose job was to repair the rails, switches and frogs as well as joining segmented rails into continuously welded rail the Plaintiff suffered the following exposure during the course and scope of his career: cleaning solvents used to clean the welding and other railroad equipment; diesel fuel/exhaust/benzene from locomotives (both passing by and idling near the locations where the Plaintiff worked) as well as from diesel powered on-track equipment and diesel powered welders; heavy metals from the thermite welding process as well as airborne metal and rust debris from grinding the rails; creosote emanating from railroad ties and timbers; manganese fumes/dust from the stick welding process; rock dust/silica from the railroad ballast and; asbestos from locomotive/freight car brake shoe dust and from gasoline soaked asbestos rope used to heat the rails.

9. Plaintiff's exposure to the above referenced toxic substances and known carcinogens, whether by touch, inhalation or consumption, in whole or in part, caused or contributed to his development of leukemia which was diagnosed on or about May 18, 2014.

10. Plaintiff's exposure was cumulative and occurred at different and variable exposure levels over the course of his career depending on his work location and the specific task being performed.

11. Because the majority of the Plaintiff's work for the Defendant occurred within the Defendant railroad's Milwaukee subdivision and the surrounding subdivisions, Plaintiff reasonably believes and therefore avers that his cause of action accrued within the Eastern District of Wisconsin and the action was properly commenced with the District.

12. The Plaintiff's cancer and related diseases are the result of the negligence of the Defendant railroad in that it utilized known cancer causing materials in its operation, which the Defendant knew, or in the ordinary exercise of ordinary care should have known, were deleterious, poisonous, toxic and highly harmful to its employees' health.

13. Defendant's negligence consisted of:

   (a) Failed to use ordinary care and caution to provide the Plaintiff with a reasonably safe place in which to work as required by the FELA;

   (b) Failed to provide work trucks and diesel welders with properly designed and adequately functioning exhaust systems;

   (c) Failed to take any effective action to reduce, modify or eliminate certain job duties, equipment or practices so as to minimize or eliminate the Plaintiff's exposure to toxic materials and carcinogens;

   (d) Failed to test railroad facilities, equipment, yards, buildings, and right of ways for the presence of toxic materials and carcinogens;

(e) Failed to engage in follow up monitoring of its facilities, equipment, yards, building, and right of ways for the presence of toxic materials and carcinogens;

(f) Failed to properly remediate known toxic materials and carcinogens from its facilities, equipment, yards, building, and right of ways

(g) Failed to periodically test employees such as the Plaintiff for physical effects of exposure to toxic materials and carcinogens and failing to take appropriate action, including advising the Plaintiff as to the test results;

(h) Failed to warn the Plaintiff of the risk of contracting cancer or other diseases as a result of exposure to known carcinogens;

(i) Failed to make reasonable efforts to inspect or monitor the levels/amounts of exposure, of the Plaintiff to carcinogens;

(j) Failed to provide the Plaintiff with the knowledge as to what would be reasonably safe and sufficient wearing apparel and proper protective equipment to protect him from being poisoned and injured by exposure to carcinogens and;

(k) Failed to provide the Plaintiff with protective equipment designed to protect him from exposure to toxic materials and carcinogens.

14. The aforesaid occurrences were caused in whole or in part by the negligence of the Defendant and/or the negligence of the Defendant's agents, servants and/or employees.

15. As a direct result of the negligence of the Defendant, the Plaintiff experienced and is experiencing pain, suffering, inconvenience, irritation, annoyance; emotional distress and; has incurred medical expenses associated with diagnosis and treatment.

16. Plaintiff suffers from a fear of death as a result of his cancer.

17. Plaintiff, Daniel Lemberger, seeks all damages recoverable under the FELA.

18. Less than three (3) years before Plaintiff's Complaint was filed he first learned that his cancer was caused or contributed to by the negligence of the Defendant.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant, Union Pacific Railroad Company, in a sum in excess of ONE HUNDRED FIFTY THOUSAND DOLLARS ($150,000.00) and the costs of this action.

BERN CAPPELLI, LLP

Dated: February 12, 2018

BY: /s/ Shawn M. Sassaman
SHAWN M. SASSAMAN
MARC J. BERN
Attorneys for Plaintiff
101 West Elm Street
Suite 215
Conshohocken, PA 19428
(610) 941-4444
(610) 941-9880 fax